IN RE AMENDMENT OF RULE 1.11 OF OKLAHOMA SUPREME COURT RULES
2022 OK 93
Decided: 11/14/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 93, __ P.3d __

 

IN RE: Amendment of Rule 1.11of the Oklahoma Supreme Court Rules

ORDER

The Court hereby amends Oklahoma Supreme Court Rule 1.11, 12 O.S.2021, ch. 15, app. 1, pt. I, as shown on the attached Exhibit "A." A clean copy of Rule 1.11's amendment is attached as Exhibit "B." This amendment shall be immediately effective, and it shall apply to all pending cases before this Court and the Oklahoma Court of Civil Appeals.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 14th DAY OF NOVEMBER, 2022.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 

EXHIBIT "A"

RULE 1.11 FORM AND CONTENT OF BRIEFS

(a) Type and Margins. All briefs shall be presented on paper measuring eight-and-one-half inches in width by eleven inches in length. All briefs shall be printed or typed in clear type not less than 12-point, with single spaced lines of quoted matter and double spaced lines of unquoted matter. Footnotes shall also be in clear type not less than 11-point font and may be single spaced lines. Briefs will be stricken or footnotes will be disregarded where a footnote raises a substantive argument or where a party's use of footnotes is abusive or an attempt to circumvent the 30-page length requirement. The margins of the printed page shall be 11/4 inches on the left side and one (1) inch on the other three sides. The pagination shall appear at the bottom of the page.

(b) Size. A Brief-in-chief, Answer Brief, or Reply Brief which is not combined with another brief shall not exceed thirty (30) pages. Where these rules require the filing of a combined brief by a party to a counter or cross-appeal, the combined brief shall not exceed forty (40) pages. Page limitations herein exclude only the cover, index, appendix, signature line and accompanying information identifying attorneys and parties, and the certificate of service.

Any No brief which exceeds the page limitations of this rule is subject to being stricken shall be accepted for filing by the Clerk. An application to file a brief exceeding the page limitations prescribed herein may be made at least ten (10) days before a brief is due to be filed. Such an application should not be filed as a matter of course and will not be granted absent a showing of good cause justifying departure from the limitations of this rule.

The size of briefs in original jurisdiction proceedings is governed by Rule 1.191.

(c) Cover.

(1) All Briefs which are Conventionally (Non-electronically) Filed, or Hardcopies of Electronically Filed Briefs. All covers of non-electronic briefs shall be typed on cover stock of at least 96# weight. Non-electronic briefs shall be securely bound and fastened along the left side with spiral or plastic finger-spine binding and shall be bound so as to be flat upon opening.

(2) Appeals. Covers of briefs in appeals shall contain the docket number in this Court, the style of the case, the county and court or forum from which the appeal is taken, and the name of the trial judge, the name and address of the attorneys appearing for the party filing the brief, and the nature of the action -- ejectment, foreclosure, mandamus, as the case may be.

(3) Original Jurisdiction Proceedings. Covers of briefs in original jurisdiction proceedings shall comply with Rule 1.11(c)(1) and shall contain the docket number in this Court, the title of the case, the county and court, forum, official or party, to which a writ is sought, the name and address of the attorney, or attorneys, appearing for the party filing the brief, and the nature of the action,--mandamus, quo warranto, habeas corpus, prohibition, as the case may be.

(d) Index. A subject index shall be attached to the front of every brief. The index shall contain a concise statement or classification of the questions discussed; and each question or principle of law for which contention is made shall be numbered separately and clearly stated, and the cases, alphabetically arranged, text books and statutes with reference to the pages in the brief where they are cited must be set forth under each proposition respectively. The page or pages of the brief on which each separate classification is discussed must be indicated.

(e) Summary of the Record.

(1) Appellate Briefs. The brief of the moving party shall contain a Summary of the Record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision. Facts stated in the Summary of the Record must be supported by citation to the record where such facts occur. Citations to the record shall identify the number of the document in the record, and the page number within the document. Example: ROA, Doc.1, p.5. If the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's brief shall contain a Summary of the Record correcting any such inaccuracies with citation to the record.

Where a party complains of the admission or rejection of testimony, that party shall set out the testimony to the admission or rejection of which the party complains, stating specifically the objections thereto. Where a party complains of an instruction given or refused, the party shall cite to the place in the record on appeal where said instruction may be found, together with the objection thereto.

When a party desires to set out instructions or requested instructions, or if it is necessary to set out admitted or rejected testimony, the party may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i). A party need not include in the Summary of the Record all of the evidence in support of a claim that the record does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall include in that party's brief or appendix so much of the evidence claimed to have had that effect.

The Summary of the Record need include only a general statement of the substance of those parts of the record over which there is no controversy and which are not required to be shown in detail in order to present the issues to this Court, and such parts of the record as are purely formal and immaterial to the consideration of any issue presented to this Court may be omitted therefrom.

(2) Original Jurisdiction Proceedings. The brief in support of the petition shall contain a Summary of the Record, setting forth the material facts. If a response is ordered and the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's response shall contain a Summary of the Record correcting any such inaccuracies.

(f) Separate Propositions. The main contentions of the parties must be set forth in separate propositions. The argument and authorities in support of each proposition must follow the statement of the proposition. Briefs in every proceeding, whether appellate or original jurisdiction, shall comply with Rule 1.11(f).

(g) Signature of Counsel. The brief must be signed by the counsel of record. The name, Oklahoma Bar Association number, address, email address (where applicable), and telephone number of the counsel of record shall also be shown. Briefs in every proceeding, whether appellate or original jurisdiction, shall comply with Rule 1.11(g).

(h) Certificate of Service. The brief must contain a Certificate of Service showing service of a copy of the brief upon other parties or their counsel. Briefs in every proceeding, whether appellate or original jurisdiction, shall comply with Rule 1.11(h).

(i) Appendix to Brief.

(1) Appeals. An Appendix to a brief shall not be filed except as permitted by this Rule. An Appendix to a brief may be filed as an attachment to the brief or as a separate document. An Appendix to a brief on appeal may include only: (1) a copy of the decision from which the appeal is taken; (2) copies of authorities not contained in the National Reporter System; (3) copies of statutes or rules not promulgated in Oklahoma; (4) attachments provided by Rule 1.11(e)(1) relating to complaints about admission or exclusion or insufficiency of evidence; and (5) attachments provided by Rule 1.11(e)(1) relating to complaints about jury instructions.

(2) Original Jurisdiction Proceedings. No exhibits or appendix are attached to briefs in an original jurisdiction action. An appendix in an original jurisdiction proceeding is governed by Rule 1.191.

(j) Citations to Record.

(1) Appeals. Citations to a document in the record other than a transcript shall include the name of the document and the pages within the document to which reference is made (e.g., Petition at 17); and may include a description of the document. Citations to a trial transcript shall include the page number; (e.g., Tr.Vol.II at 3-4). Citations to a transcript other than a trial transcript shall refer also to the date and type of transcript. Quotations from the record must be accurate, in context, and reference the pages in the record where they appear.

(2) Original Jurisdiction Proceedings. Citations to a document shall be to the nature of the document and the page at which it appears in the Appendix; (e.g., Order of (date), App. at page (no.), or Affidavit of (person), App. at page (no.)).

(k) Authority.

(1) Appeals. Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered.

(2) Original Jurisdiction Proceedings. Issues raised in the Application to Assume Original Jurisdiction and Petition for Writ, but omitted from the brief, may be deemed waived. Argument without supporting authority will not be considered.

(3) Supplemental Briefs. The Supreme Court or the Court of Civil Appeals may request additional authorities or briefs from either or both parties within a time fixed by the court's order. The additional authorities and briefs shall be filed with the Clerk of the Supreme Court and served upon counsel for all parties to the proceedings.

(l) Citation to Authority. The citation to opinions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals shall be in accordance with Rule 1.200(c), (d) and (e). The citation of other authorities shall be to the volume and page of the National Reporter System, if applicable, or to some selected case system, if practical. Where a decision cited in the brief is not included in the National Reporter System a copy may be included in an appendix to the brief. See Rules 1.11(i)(1) and 1.191(d). Citations to decisions of the United States Supreme Court shall be to the official reporter, the United States Reports, and may also include parallel citations to other reporters, or to some selected case system, if practical.

 

 

 

EXHIBIT "B"

RULE 1.11 FORM AND CONTENT OF BRIEFS

(a) Type and Margins. All briefs shall be presented on paper measuring eight-and-one-half inches in width by eleven inches in length. All briefs shall be printed or typed in clear type not less than 12-point, with single spaced lines of quoted matter and double spaced lines of unquoted matter. Footnotes shall also be in clear type not less than 11-point font and may be single spaced lines. Briefs will be stricken or footnotes will be disregarded where a footnote raises a substantive argument or where a party's use of footnotes is abusive or an attempt to circumvent the 30-page length requirement. The margins of the printed page shall be 11/4 inches on the left side and one (1) inch on the other three sides. The pagination shall appear at the bottom of the page.

(b) Size. A Brief-in-chief, Answer Brief, or Reply Brief which is not combined with another brief shall not exceed thirty (30) pages. Where these rules require the filing of a combined brief by a party to a counter or cross-appeal, the combined brief shall not exceed forty (40) pages. Page limitations herein exclude only the cover, index, appendix, signature line and accompanying information identifying attorneys and parties, and the certificate of service.

Any brief which exceeds the page limitations of this rule is subject to being stricken. An application to file a brief exceeding the page limitations prescribed herein may be made at least ten (10) days before a brief is due to be filed. Such an application should not be filed as a matter of course and will not be granted absent a showing of good cause justifying departure from the limitations of this rule.

The size of briefs in original jurisdiction proceedings is governed by Rule 1.191.

(c) Cover.

(1) All Briefs which are Conventionally (Non-electronically) Filed, or Hardcopies of Electronically Filed Briefs. All covers of non-electronic briefs shall be typed on cover stock of at least 96# weight. Non-electronic briefs shall be securely bound and fastened along the left side with spiral or plastic finger-spine binding and shall be bound so as to be flat upon opening.

(2) Appeals. Covers of briefs in appeals shall contain the docket number in this Court, the style of the case, the county and court or forum from which the appeal is taken, and the name of the trial judge, the name and address of the attorneys appearing for the party filing the brief, and the nature of the action -- ejectment, foreclosure, mandamus, as the case may be.

(3) Original Jurisdiction Proceedings. Covers of briefs in original jurisdiction proceedings shall comply with Rule 1.11(c)(1) and shall contain the docket number in this Court, the title of the case, the county and court, forum, official or party, to which a writ is sought, the name and address of the attorney, or attorneys, appearing for the party filing the brief, and the nature of the action,--mandamus, quo warranto, habeas corpus, prohibition, as the case may be.

(d) Index. A subject index shall be attached to the front of every brief. The index shall contain a concise statement or classification of the questions discussed; and each question or principle of law for which contention is made shall be numbered separately and clearly stated, and the cases, alphabetically arranged, text books and statutes with reference to the pages in the brief where they are cited must be set forth under each proposition respectively. The page or pages of the brief on which each separate classification is discussed must be indicated.

(e) Summary of the Record.

(1) Appellate Briefs. The brief of the moving party shall contain a Summary of the Record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision. Facts stated in the Summary of the Record must be supported by citation to the record where such facts occur. Citations to the record shall identify the number of the document in the record, and the page number within the document. Example: ROA, Doc.1, p.5. If the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's brief shall contain a Summary of the Record correcting any such inaccuracies with citation to the record.

Where a party complains of the admission or rejection of testimony, that party shall set out the testimony to the admission or rejection of which the party complains, stating specifically the objections thereto. Where a party complains of an instruction given or refused, the party shall cite to the place in the record on appeal where said instruction may be found, together with the objection thereto.

When a party desires to set out instructions or requested instructions, or if it is necessary to set out admitted or rejected testimony, the party may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i). A party need not include in the Summary of the Record all of the evidence in support of a claim that the record does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall include in that party's brief or appendix so much of the evidence claimed to have had that effect.

The Summary of the Record need include only a general statement of the substance of those parts of the record over which there is no controversy and which are not required to be shown in detail in order to present the issues to this Court, and such parts of the record as are purely formal and immaterial to the consideration of any issue presented to this Court may be omitted therefrom.

(2) Original Jurisdiction Proceedings. The brief in support of the petition shall contain a Summary of the Record, setting forth the material facts. If a response is ordered and the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's response shall contain a Summary of the Record correcting any such inaccuracies.

(f) Separate Propositions. The main contentions of the parties must be set forth in separate propositions. The argument and authorities in support of each proposition must follow the statement of the proposition. Briefs in every proceeding, whether appellate or original jurisdiction, shall comply with Rule 1.11(f).

(g) Signature of Counsel. The brief must be signed by the counsel of record. The name, Oklahoma Bar Association number, address, email address (where applicable), and telephone number of the counsel of record shall also be shown. Briefs in every proceeding, whether appellate or original jurisdiction, shall comply with Rule 1.11(g).

(h) Certificate of Service. The brief must contain a Certificate of Service showing service of a copy of the brief upon other parties or their counsel. Briefs in every proceeding, whether appellate or original jurisdiction, shall comply with Rule 1.11(h).

(i) Appendix to Brief.

(1) Appeals. An Appendix to a brief shall not be filed except as permitted by this Rule. An Appendix to a brief may be filed as an attachment to the brief or as a separate document. An Appendix to a brief on appeal may include only: (1) a copy of the decision from which the appeal is taken; (2) copies of authorities not contained in the National Reporter System; (3) copies of statutes or rules not promulgated in Oklahoma; (4) attachments provided by Rule 1.11(e)(1) relating to complaints about admission or exclusion or insufficiency of evidence; and (5) attachments provided by Rule 1.11(e)(1) relating to complaints about jury instructions.

(2) Original Jurisdiction Proceedings. No exhibits or appendix are attached to briefs in an original jurisdiction action. An appendix in an original jurisdiction proceeding is governed by Rule 1.191.

(j) Citations to Record.

(1) Appeals. Citations to a document in the record other than a transcript shall include the name of the document and the pages within the document to which reference is made (e.g., Petition at 17); and may include a description of the document. Citations to a trial transcript shall include the page number; (e.g., Tr.Vol.II at 3-4). Citations to a transcript other than a trial transcript shall refer also to the date and type of transcript. Quotations from the record must be accurate, in context, and reference the pages in the record where they appear.

(2) Original Jurisdiction Proceedings. Citations to a document shall be to the nature of the document and the page at which it appears in the Appendix; (e.g., Order of (date), App. at page (no.), or Affidavit of (person), App. at page (no.)).

(k) Authority.

(1) Appeals. Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered.

(2) Original Jurisdiction Proceedings. Issues raised in the Application to Assume Original Jurisdiction and Petition for Writ, but omitted from the brief, may be deemed waived. Argument without supporting authority will not be considered.

(3) Supplemental Briefs. The Supreme Court or the Court of Civil Appeals may request additional authorities or briefs from either or both parties within a time fixed by the court's order. The additional authorities and briefs shall be filed with the Clerk of the Supreme Court and served upon counsel for all parties to the proceedings.

(l) Citation to Authority. The citation to opinions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals shall be in accordance with Rule 1.200(c), (d) and (e). The citation of other authorities shall be to the volume and page of the National Reporter System, if applicable, or to some selected case system, if practical. Where a decision cited in the brief is not included in the National Reporter System a copy may be included in an appendix to the brief. See Rules 1.11(i)(1) and 1.191(d). Citations to decisions of the United States Supreme Court shall be to the official reporter, the United States Reports, and may also include parallel citations to other reporters, or to some selected case system, if practical.